**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CAROL PASELK | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-97 |
| | § | |
| STATE OF TEXAS and YVONNE KING, | § | |
| in her official and individual capacity, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 6, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant Yvonne King's Motion to Dismiss [Doc. #17] be granted [Doc. #32]. On October 9, 2013, Plaintiff filed objections [Doc. #35]. No response was filed by Defendant. On October 18, 2013, Plaintiff filed supplemental objections and a motion for reconsideration [Doc. #36].

Plaintiff, *pro se*, filed a 38-page Petition for Declaratory Judgment to Immediately Vacate Void Order and Recall Unconstitutional Blanket Warrant [Dkt. #1]. Plaintiff filed suit against the State of Texas and Yvonne King ("King"), Justice of the Peace for Precinct 1 in Hopkins County. King is sued in both her individual and official capacities. The State of Texas was dismissed from the case on June 19, 2013, leaving only King as a defendant [Dkt. #25].

1

On May 6, 2009, Tanner Crump, Deputy Sheriff for the Hopkins County Sheriff's Department, submitted an Application for Warrant to Seize Animals based on observed conditions of Plaintiff's horses and their living conditions [Dkt. #1 at Ex. 2]; *see also* [Dkt. #35 at Ex. 2]. The Application states that "I, Tanner Crump… have reason to believe and do believe that animals located in Hopkins County, Texas have been and are being cruelly treated in that: The Horses have been unreasonably, by lack there of, provided with necessary food, care, and shelter." *Id*. The horses are described as "55 count of Arabian Breed Studs and Mares." *Id*. Deputy Sheriff Crump goes on to explain his observations as follows:

> I observed 55 Horses which I believe have been unreasonably provided necessary food, care and shelter of the animals in question. I observed Horses which were emaciated. I observed stalls which were in condition of causing immediate danger to the animals kept there in. Though there was food and medication on the property there was not enough to rectify the condition of the animals in a timely manner.

*Id*. On May 9, 2009, the horses were seized from Plaintiff's property pursuant to a warrant issued by King, as Justice of the Peace in Hopkins County [Dkt. #1 at Ex. 3]; *see also* [Dkt. #35 at Ex. 3]. On May 19, 2009, a hearing was held to determine whether the animals were cruelly treated, and an Order Awarding Possession of Seized Horses was entered, releasing the horses to two animal rescue groups [Dkt. #1 at Ex. 7]. On October 27, 2009, Plaintiff was tried and convicted before a six person jury as to animal cruelty charges. On August 5, 2010, the Sixth Appellate District of Texas at Texarkana affirmed the conviction. *See Carol Marie Paselk v. The State of Texas*, No. 06-09-00214-CR, August 5, 2010.

Subsequently, Plaintiff filed two civil lawsuits in this court. The first lawsuit, styled *Paselk v. State of Texas, et. al.*, 4:12-cv-754, was filed on December 5, 2012, and alleged constitutional and statutory claims against more than eighty defendants, including King. On June 6, 2013, the Magistrate Judge issued a report and recommendation that recommended that

all Defendants be dismissed. Plaintiff filed objections, and on September 5, 2013, the undersigned issued an Order Adopting Report and Recommendation of the United States Magistrate Judge [Dkt. #330]. All Defendants were dismissed with prejudice and the case was closed.

In this, the second lawsuit, Plaintiff requests that the court declare that the Warrant for Animal Seizure, issued by King, was unconstitutional, and recall, vacate, or void the Seizure Warrant. Plaintiff also requests that the court vacate the void state court order awarding possession of seized horses.

On June 10, 2013, King filed her motion to dismiss asserting that the *Rooker-Feldman* doctrine applied to Plaintiff's claims, as Plaintiff's claims are a collateral attack on a state court order and state court-issued warrant [Dkt. #17 at 2-3]. King also incorporated the arguments made in her motion to dismiss in the other case filed in this court. The Magistrate Judge recommended that King's motion to dismiss be granted because: (1) King had jurisdiction to issue a seizure warrant for the animals; (2) the warrant was issued pursuant to section 821.022 of the Texas Health and Safety Code; (3) Plaintiff's claims against King in her "official" capacity must be dismissed because Plaintiff failed to establish municipal liability for Hopkins County under 42 U.S.C. § 1983; (4) Plaintiff's claims against King in her "individual" capacity must be dismissed based on the qualified immunity defense; (5) Plaintiff's claims against King in her "individual" capacity must be dismissed for the additional reason that King is entitled to absolute immunity; and (6) the court lacked jurisdiction over Plaintiff's claims because the *Rooker-Feldman* doctrine applies in this case [Dkt. #32].

Plaintiff objects to the findings of the Magistrate Judge on several grounds, primarily asserting that this case is not about the liability of the Defendants, but that this case is about the

invalidity of the warrant. Plaintiff contends that the warrant issued by King is a general warrant, and, as such, is unconstitutional under the Fourth Amendment because it fails to state a particular place to be searched and does not state particular things to be seized. Plaintiff points out that Deputy Sheriff Crump investigated the premises on May 1, 2009, and at that time stated that he "did not feel that the horses are in need of immediate care of removal from the owner" [Dkt. #35 at Ex. 1]. Plaintiff also states that the warrant only lists 55 horses, when 57 were seized from her property. Plaintiff further contends that the warrant lists "55 Count Arabian Breed Studs and Mares," and yet, some of the horses seized were Thoroughbred and two of the horses were neither studs nor mares, but geldings.

Plaintiff objects to the findings of the Magistrate Judge stating that the *Rooker-Feldman* doctrine does not apply because her request for relief is not a review of any state court "judgment," but rather of the warrant "document" itself. Plaintiff also objects to the warrant on the basis that the statute only allows for the seizure of one animal, since the statute refers to an "animal" in singular form. Plaintiff strongly objects to the findings of the Magistrate Judge because he did not mention the warrant at all, and focuses primarily on the defenses of King and Hopkins County. Plaintiff contends that the liability of the Defendant is not at issue at this stage of the case, and that Hopkins County is not a Defendant in this case.

In her supplemental objections, which are primarily repetitive of her previously filed objections, Plaintiff again asserts that King had no jurisdiction to issue a warrant [Dkt. #36]. However, Plaintiff now bases her jurisdictional argument on the fact that King has no authority or jurisdiction over Class B misdemeanors, Class A misdemeanors, state jail felonies, or any level of criminal offense and punishment, other than Class C misdemeanors. *Id*. Plaintiff again asks the court to declare the warrant void, and also to void the state court judgment against her.

*Id*. Plaintiff, again, contends that Texas Health and Safety Code § 821.023(d) only allows for the seizure of one animal, since the term "animal" is singular. *Id*. Plaintiff contends that the Texas Supreme Court case, *City of Dallas v. Heather Stewart*, 361 S.W.3d 562 (Tex. 2012), should govern the outcome in this case. *Id*.

The court will begin with Plaintiff's contention that this case is not about the legal liability of defendant King, but rather a simple request for the recall of the warrant document itself, which Plaintiff contends was prohibited by the Fourth Amendment. Plaintiff's argument is misguided. The only remaining defendant in this case is King, who was sued by Plaintiff in both her official and individual capacity. King filed a motion to dismiss asserting viable defenses to Plaintiff's allegations, and the court was called upon to decide whether there were any plausible claims against King in her official or individual capacities. The Magistrate Judge determined that there were no plausible claims, and the court agrees. Plaintiff fails to respond to King's defenses of qualified immunity and absolute immunity. Plaintiff fails to adequately explain why King had no authority to issue a warrant in this case. Instead, Plaintiff attacks the validity of the warrant, but Plaintiff cannot challenge the validity of the warrant in this proceeding. Plaintiff was required to attack the warrant in an appropriate proceeding before the state court. Plaintiff fails to explain how this court has any authority to recall, vacate or make null and void a state court warrant.

The Magistrate Judge was correct in finding that under the *Rooker-Feldman* doctrine, inferior federal courts lack subject-matter jurisdiction over cases that effectively seek review of judgments of state courts. Federal review, if any, can occur only by way of certiorari petition to the Supreme Court. *See Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003). The Magistrate Judge determined that Plaintiff's claims against King are a challenge of the Seizure

Warrant and the Forfeiture Order, because all of her claims are based on the alleged wrongful taking of her animals. Under the *Rooker-Feldman* doctrine, the Seizure Warrant and the Forfeiture Order are not subject to review by this court. *See Richard v. Hoechst Celanese Chem. Grp.*, 355 F.3d 345, 350 (5th Cir. 2003). Plaintiff asserts in her supplemental objections that she is not seeking review of any judgment and she is attacking a general warrant. It is clear that Plaintiff, a non-lawyer, simply does not understand. A state court warrant was issued by King resulting in the seizure of Plaintiff's horses. Ten days later an order was entered awarding possession of the seized horses. This court has no jurisdiction to address the complaints by Plaintiff that King signed an invalid warrant. Plaintiff was required to make these challenges in state court. No federal court can give Plaintiff relief on actions taken in state court. She must challenge those matters in state court. Thus, for this single reason this case should be dismissed without prejudice for lack of jurisdiction. The court overrules Plaintiff's objections.

Even if the court possessed jurisdiction to review this matter, the Magistrate Judge's report and recommendation presents multiple, additional reasons why this case should be dismissed. For example, Plaintiff's claims against King in her individual capacity are barred by the doctrine of qualified immunity and absolute immunity. Judges have absolute immunity from lawsuits when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357-59 (1978). A judge is not deprived of immunity because the action she took was erroneous, malicious, or exceeded her authority. *Id*. at 356-57. Thus, even if Plaintiff's allegations are true that King exceeded her authority to issue the warrant, or made an error in issuing the warrant, Plaintiff's claims cannot survive because King is immune from these types of suits.

Further, the Magistrate Judge found that the doctrine of qualified immunity applied to King's actions in this case. Qualified immunity is a defense available to state officials sued for constitutional violations pursuant to 42 U.S.C. § 1983. *Johnston v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994). Qualified immunity shields government officials from liability for civil damages so long as their conduct does not violate clearly established rights. *Id*. The burden is on the plaintiff seeking to defeat qualified immunity to show (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). The qualified immunity defense shields government officials in certain circumstances from "civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Once a defendant has invoked the defense of qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). The Fifth Circuit has stated that a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, No. 11–40460, 2012 WL 3517361 (5th Cir. August 16, 2012) (citing *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995)). In this regard, the Fifth Circuit has specifically explained that "conclusory allegations and unsubstantiated assertions" are not sufficient to overcome the qualified immunity defense. *Miller v. Graham*, 447 F. App'x 549, 551 (5th Cir. 2011) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Sylvester v. Cain*, 311 F. App'x 733, 735 (5th Cir. 2009) (citing *Thompson v. City of Starkville, Miss.*, 901 F.2d 456, 469 n.13 (5th Cir. 1990)). Plaintiff's conclusory allegations are insufficient to overcome King's entitlement to qualified immunity, and for these

additional reasons, Plaintiff's claims against King are dismissed and Plaintiff's objections are overruled.

Plaintiff's claims against King in her official capacity are likewise barred. "Official-capacity suits… 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 482-83 (5th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, the Magistrate Judge found that Plaintiff's claims against King in her official capacity were construed against Hopkins County. The Magistrate Judge found that to hold Hopkins County liable under 42 U.S.C. § 1983, Plaintiff must show that there was an official policy or unofficial custom, adopted by the County, that was the moving force behind the claimed constitutional violation. *Duvall v. Dallas County, Tex.*, 631 F.3d 203, 209 (5th Cir. 2011). Plaintiff fails to plead that any official policy or unofficial custom was the moving force behind the claimed constitutional violation. Plaintiff does not object to this finding of the Magistrate Judge, and for this additional reason, Plaintiff's claims against Hopkins County are dismissed and Plaintiff's objections are overruled.

Finally, the court reviewed the case cited by the plaintiff, *City of Dallas v. Heather Stewart*, 361 S.W.3d 562 (Tex. 2012), and finds that it does not apply to this case. *Stewart* involved an eminent domain suit, and a taking of the property of an individual. The Texas Supreme Court found that agencies lack the ultimate power of constitutional construction, and that "[t]akings suits are thus, fundamentally, *constitutional* suits and must ultimately be decided by a court rather than an agency." *Id*. at 568 (emphasis in original). The Texas Supreme Court then said, "Agency findings in eminent domain cases are subject to de novo trial court review and inverse condemnation plaintiffs bring their cases in the same manner as any other civil case."

*Id*. This led the Texas Supreme Court to the conclusion that, "[w]e do not believe… that this matter of constitutional right may finally rest with a panel of citizens untrained in constitutional law." *Id*. at 568-69. This case does not apply to the present case because the *Stewart* case deals with an eminent domain case, which is not the issue in the present case. In addition, in the *Stewart* case, the issue was whether an agency had the right to decide constitutional rights. In the present case, Plaintiff was not deprived of any constitutional rights by an agency, but rather, all actions were taken by the court. Therefore, this case does not apply, and Plaintiff's objections are overruled.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by the plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendant Yvonne King's Motion to Dismiss [Doc. #17] is **GRANTED,** and this case is **DISMISSED** without prejudice for lack of jurisdiction. All relief not previously granted is hereby **DENIED.**

The Clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this **25** day of **November, 2013.**

_____
Ron Clark, United States District Judge